UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CYNTHIA A. DUCKWORTH,

     Plaintiff,

v.                                    Case No. 8:13-cv-2829-T-33AEP

SYMON SAYS ENTERPRISES, INC.,

     Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Symon Says Enterprises, Inc.'s Motion to Dismiss Complaint (Doc. # 4), which was filed on December 31, 2013. Plaintiff Cynthia A. Duckworth filed a Response in Opposition to the Motion (Doc. # 6) on January 14, 2014. As explained below, the Court dismisses the Complaint without prejudice and grants Duckworth the opportunity to file an amended complaint by February 21, 2014.

I.   **Background**

A former McDonalds restaurant manager, Duckworth sues Symon Says (doing business as McDonalds) for violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, the Florida Civil Rights Act, Fla. Stat. § 760, and the Family and Medical Leave Act, 29 U.S.C. § 2601. The pertinent factual allegations of the Complaint are recited below:

In or about August 2010, Plaintiff Cynthia A.
Duckworth  was informed by a friend whose children
were not vaccinated that she may have been exposed
to pertussis (whooping cough).  She informed her
employer, the county health department and went to
see a doctor.  Her doctor told her she could take
antibiotics, but it was likely unnecessary and
could be harmful to her.
          Plaintiff Cynthia A. Duckworth was told if she
did not take the antibiotics and allow her employer
to speak with her doctor she would not be allowed
to return to work.
          Plaintiff Cynthia A. Duckworth was removed
from the schedule and not allowed to return to
work.
          Throughout her employment with Defendant,
Cynthia A Duckworth met or exceeded Defendant's
expectations.
          On or about September 30, 2010, Defendant
informed Plaintiff Cynthia A. Duckworth it
terminated her employment.  She was terminated
where she should have been allowed to continue her
employment.
          Any reasons for terminating Plaintiff Cynthia
A. Duckworth were pretextual.
          After Defendant terminated Plaintiff Cynthia
A. Duckworth, it reassigned her job functions,
responsibilities to another employee(s).

(Doc. # 1 at ¶¶ 14-20).

On November 5, 2013, Duckworth filed a five count

Complaint against Symon Says alleging retaliation (count I),

Florida Civil Rights Act disability discrimination (count II),

Americans with Disabilities Act disability discrimination

(count III), intentional infliction of emotional distress

(count IV), and violation of the Family and Medical Leave Act

(count V).  Symon Says moves to dismiss the Complaint pursuant

to Fed. R. Civ. P. Rule 12(b)(6).

**II.   Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").

However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations omitted). In addition, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Furthermore, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009).

In accordance with <u>Twombly</u>, Federal Rule of Civil Procedure 8(a) calls for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 663 (2009)(quoting <u>Twombly</u>, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

**III. <u>Analysis</u>**

Symon Says filed a fourteen-page Motion to Dismiss presenting a number of persuasive arguments and identifying numerous ambiguities and deficiencies in the Complaint. Symon Says correctly notes that, while counts II and III, alleging disability discrimination, reference the Florida Civil Rights Act and the ADA, respectively, Duckworth does not indicate whether count I, titled "retaliation" seeks redress under the FCRA, the ADA, neither, or both. Furthermore, as to the retaliation claim, Symon Says points out that the Complaint "offers no facts whatsoever regarding when she allegedly complained, [therefore] it is impossible to determine if she has sufficiently alleged a causal connection" between her termination and her protected activity. (Doc. # 4 at 3).

4

Furthermore, as to Duckworth's discrimination and retaliation counts, the Complaint fails to identify an actual disability that Duckworth suffered from. Nor does the Complaint allege that her employer regarded her as having an impairment that substantially limited a major life activity. See Bragdon v. Abbott, 524 U.S. 624, 631-41 (1998); Rossbach v. City of Miami, 371 F.3d 1354, 1357 (11th Cir. 2004). Rather, from a plain reading of the Complaint, it appears that Duckworth alleges that she was exposed to whooping cough, but did not contract the illness, nor did she require medical treatment.

As to count IV, for intentional infliction of emotional distress, Symon Says correctly points out that the Complaint fails to allege outrageous, odious, and utterly intolerable conduct. Rather, the Complaint states as to count IV:

> Plaintiff Cynthia A. Duckworth realleges and incorporates in this Count IV paragraphs 1-20.
> Defendant's conduct toward Plaintiff Cynthia A. Duckworth was intentional or reckless. Defendant's agents intended its behavior when they knew or should have known that emotional distress would likely result.
> The conduct in fact caused emotional distress and the emotional distress was severe.

(Doc. # 1 at ¶¶ 31-33).

Generally, a claim for intentional infliction of emotional distress consists of the following elements: "(1)

5

the wrongdoer's conduct was intentional or reckless; . . . (2) the conduct was outrageous; that is, as to go beyond all bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." <u>Williams v. City of Minneola</u>, 619 So. 2d 983, 986 (Fla. 5th DCA 1993); <u>see also</u> <u>Hart v. United States</u>, 894 F.2d 1539, 1548 (11th Cir. 1990)(citing <u>Metro. Life Ins. Co. v. McCarson</u>, 467 So. 2d 277, 278 (Fla. 1985)).

Duckworth has not alleged the second required element-outrageous conduct.   However, even if she had alleged the required elements, this Court notes that "Florida and federal courts are generally reluctant to recognize outrageous conduct in the employment context." <u>Paraohao v. Bankers Club</u>, 225 F. Supp. 2d 1353, 1361 (S.D. Fla. 2002).   Whether a defendant's conduct is outrageous and utterly intolerable in a civilized community, and thus able to form the basis of a claim for intentional infliction of emotional distress is a matter of law for the court.  <u>Baker v. Fla. Nat'l Bank</u>, 559 So. 2d 284, 287 (Fla. 4th DCA 1990).

In most cases, plaintiffs are not successful in pleading intentional infliction of emotional distress claims arising from employment discrimination. <u>See, e.g.</u>, <u>Watson v. Bally</u>

Mfg. Corp., 844 F. Supp. 1533, 1536 (S.D. Fla. 1993)(dismissing intentional infliction of emotional distress claim based upon "relentless pattern of harassment" as a matter of Florida law). As explained in Johnson v. Thigpen, 788 So. 2d 410, 414 (Fla. 1st DCA 2001), "federal courts interpreting Florida law have allowed claims for intentional infliction of emotional distress in the workplace to go forward in circumstances involving repeated verbal abuse coupled with repeated offensive physical conduct." Duckworth's Complaint does not allege anything even approaching outrageous conduct.

Finally, as for her FMLA claim, Duckworth fails to explain whether she is seeking redress for FMLA interference, FMLA retaliation, or both. In fact, Duckworth fails to allege any of the required elements for either form of prohibited conduct. Her one sentence FMLA claim states:

> Plaintiff Cynthia A. Duckworth restates, realleges, re[a]vers and hereby incorporates by reference any and all allegations of paragraphs 1 through 21, inclusive herein. In addition, Plaintiff Cynthia A. Duckworth alleges that Defendant unlawfully and discriminatorily terminated Plaintiff's employment on account of her disability or disabilities; and said actions violate the provisions of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601, et seq., justifying an award, inter alia, of back pay, interest, special damages, and any and all other damages she is entitled to under law against Defendant.

(Doc. # 1 at ¶ 34).

The FMLA authorizes an eligible employee to take up to twelve weeks of unpaid leave per year for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1293 (11th Cir. 2006). An employer may not "interfere with, restrain, or deny the exercise of or the attempt to exercise" that right. Id. The Eleventh Circuit has recognized that the FMLA creates two types of claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the [FMLA], and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the [FMLA]." Id. (quoting Strickland v. Water Works & Sewer Bd. of the City of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001)(internal citations omitted)).

To the extent that Duckworth is attempting to allege any claim under the FMLA, she has failed to allege sufficient facts to support such a claim. She has not alleged that she was entitled to any benefit under the FMLA as an eligible employee, that she requested FMLA benefits, or that any FMLA benefits were denied.

Finding each count of the Complaint deficiently pled, the Court grants the Motion to Dismiss and dismisses the Complaint without prejudice.   The Court grants Duckworth leave to file an amended complaint, if she so chooses, by February 21, 2014.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Symon Says Enterprises, Inc.'s Motion to Dismiss Complaint (Doc. # 4) is **GRANTED.**

(2)   The Complaint is dismissed without prejudice and with leave to amend by February 21, 2014.

**DONE** and **ORDERED** in Tampa, Florida, this <u>6th</u> day of February, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties of Record

9